David BULLOCH, McRae N. Bulloch, Fern Bulloch, Douglas Corry, A.E. Seegmiller, Myron Higbee, Nelson Webster, Lillian W. Clark, for herself and as representative of the estate of Douglas C. Clark, deceased, Lambeth Brothers Livestock a partnership, T. Randall Adams, and Dee Evans, Plaintiffs-Appellants,

v.

Paul B. PEARSON, Bernard Trum, Gordon Dunning, Leo F. Bustad, General Electric Corporation, John J. Finn, Charles F. Eason, Don Fowler, H.A. Kornberg, John H. Rust, Utah State Board of Health, Monroe Holmes, George Spendlove and John Does I Through XX, Defendants-Appellees.

No. 84–1830.

United States Court of Appeals, Tenth Circuit.

July 26, 1985.

Dan S. Bushnell, Salt Lake City, Utah (M. Karlynn Hinman and James J. Cassity, Salt Lake City, Utah, with him on the briefs), of Kirton, McConkie & Bushnell, Salt Lake City, Utah, for plaintiffs-appellants.

Marc Johnson, Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Robert S. Greenspan, Dept. of Justice, Washington, D.C., and Brent D. Ward, U.S. Atty., Salt Lake City, Utah, with him on the briefs), for defendants-appellees.

Before BARRETT, McWILLIAMS and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

The dispositive issue in this appeal is whether the plaintiffs are precluded from litigating the substantive issues underlying their constitutional claims following this Court's decision in *Bulloch v. United States*, 763 F.2d 1115 (10th Cir.1985) (en banc) (*Bulloch II*).

The present case, which may be termed *Bulloch III*, arises from the plaintiffs' ef-

forts to reopen the judgment entered against them in *Bulloch v. United States*, 145 F.Supp. 824 (D.Utah 1956) (*Bulloch I*). In *Bulloch I* the court determined that the plaintiffs' sheep had not died as a result of radiation from atomic tests conducted at the Las Vegas Test Site in 1953. Some twenty-five years later the plaintiffs sought to reopen the judgment in *Bulloch I*, alleging that the government had committed fraud on the court by pressuring witnesses, withholding information, and giving misleading answers to interrogatories. The district court agreed—for the reasons the plaintiffs advanced—that the government had committed fraud on the court and accordingly ordered that the 1956 judgment be set aside. *Bulloch v. United States*, 95 F.R.D. 123 (D.Utah 1982). A panel of this Court reversed. *Bulloch v. United States*, 721 F.2d 713 (10th Cir.1983). That decision was in turn upheld by a majority of this Court which, sitting en banc, found that there was "no evidence of fraud developed in the court hearings which covered all the details." *Bulloch II* at 1120. For a detailed recital of the events giving rise to the present dispute, we refer the reader to these previous decisions.

The present suit is a *Bivens*-type action for damages against the government attorneys who prepared and tried *Bulloch I* and certain government employees who aided in the preparation and trial of *Bulloch I*.[1] See *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The thrust of the present suit is that these defendants, as a result of the actions and omissions complained about in *Bulloch II*, which allegedly constituted fraud on the court, deprived the plaintiffs of a fair trial (in *Bulloch I*) and thus their Fifth Amendment right to Due Process. The district court concluded that the government defense attorneys were absolutely immune from suit for their actions in this case and for that reason dismissed the suit as against them. With regard to the remaining government defendants, the district court concluded that their conduct did not rise to the level of a constitutional deprivation and therefore the complaint did not state a claim under *Bivens*. For purposes of this appeal, however, it is unnecessary for us to reach either of the grounds upon which the district court based its holding, because we conclude that the plaintiffs are collaterally estopped from litigating the substantive issues following our decision in *Bulloch II.*

Collateral estoppel, or, in modern phraseology, issue preclusion, refers to the principle that "a litigant in one lawsuit may not, in a later lawsuit, assert the contrary of issues actually decided in and necessary to the judgment of the first suit." *Slayton v. Willingham*, 726 F.2d 631, 633 (10th Cir. 1984). *See also* 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4416, at 136 (1981) (hereinafter "Wright and Miller"). The doctrine "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

In the present case, the plaintiffs concede that the allegations they are now pressing against the government defendants in their individual capacities are identi-

---

1. Finn, Eason, and Fowler were the government attorneys who prepared and handled the government's defense. Pearson, Dunning, and Rust were Atomic Energy Commission (AEC) officials. Trum was an Army veterinarian who worked closely with the AEC. General Electric (GE) had contracted with the government to perform research on the effects of radiation and had conducted a series of such tests at Hanford, Washington, beginning in 1949. Bustad and Kornberg were GE researchers. In this opinion, we assume, but do not decide, that these last three defendants—GE, Rustad, and Kornberg—were "government employees." The remaining defendants, the Utah State Board of Health, Monroe James, George Spendlove, and John Does I through XX, were never served with process and consequently there are no claims as to them before us in this appeal. *See* R. Vol. III, at 725–728.

cal to the allegations they made in *Bulloch II* in their effort to reopen the judgment in *Bulloch I*. They argue, however, that collateral estoppel should not apply because this case comes within the well-recognized exception to the application of collateral estoppel that failure to carry a high standard of proof does not preclude a later attempt to satisfy a lower standard. Wright and Miller, *supra*, § 4422, at 209, and cases cited therein. In order to have prevailed in *Bulloch II*, reason the plaintiffs, they were required to show "by clear and convincing evidence that there was fraud on the court...." *Bulloch II*, at 1121. On the other hand, reason the plaintiffs, the present action is a *Bivens* action in which they seek to prove, by a preponderance of the evidence, that the government defendants denied them due process of law. The standard of proof thus being different, argue the plaintiffs, collateral estoppel should not apply.

 We agree with the plaintiffs insofar as they state the general rule that failure to carry a high standard of proof does not preclude a subsequent attempt to satisfy a lower standard. Our agreement does not dispose of the collateral estoppel issue, however. There is no doubt that the ultimate claim in the present case—denial of due process—is different from the primary claim in *Bulloch II*—fraud on the court. By the plaintiffs' own pleadings in the present case, however, in order for them to prevail on their due process claim they must establish that the government defendants' actions and omissions constituted fraud on the court:

165. The defendants knew or should have known that their actions, omissions and manipulations constituted fraud upon the court.

166. The defendants knew or should have known that the commission of fraud upon the court was wrongful and unlawful.

167. The defendants knew or should have known that the commission of fraud upon the court would harm the plaintiffs and prevent them from obtaining fair trials and due process of law.

Plaintiffs' Amended Complaint, R. Vol. I, at 150.[2] Thus, as the plaintiffs admit in their own pleadings, in order to succeed on their due process claim, they must first establish fraud on the court. Although the plaintiffs recognize that, as a cause of action, fraud on the court must be proven by clear and convincing evidence, what in effect they seek is to have the standard of proof applicable to a *Bivens* action applied to their allegations of fraud on the court. Because plaintiffs allege fraud on the court as a prerequisite to their *Bivens* claim, however, we see no reason why they should not be required to prove fraud on the court under the same standard of proof applicable to an independent action for fraud on court. There can be no doubt that the plaintiffs had a full and fair opportunity to litigate the issue of fraud on the court in *Bulloch II*. Consequently, we hold that they are collaterally estopped from relitigating precisely the same issue—with the same standard of proof—under the guise of a *Bivens* action based on alleged violations of due process.

WE AFFIRM the District Court's dismissal of Plaintiffs'-Appellants' action.

---

2. The entire complaint is fraught with allegations of fraud upon the court. See Allegations

Nos.: 122, 142, 171–174.