61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur R. ALTHOFF and Julia A. Althoff, Defendants-Appellants.
 No. 94-4231.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The sole issue for our consideration in this appeal is whether the district court abused its discretion in denying defendants' motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(5) in the United States District Court for the District of Utah. Defendants' attempt to relitigate the issues underlying the judgments entered by the United States District Court for the District of New Mexico is barred by the doctrine of res judicata. We affirm.
 
 
 3
 Defendants received a loan from the Small Business Administration (SBA) for which they pledged collateral of personal property in Utah, and real property in New Mexico, Arizona, and Utah. The loan documents included a Loan Authorization stating that the SBA would disburse the loan amount, $270,000, within six months. In fact, the loan was disbursed in installments over the next several months. After defendants defaulted on the loan, the SBA applied to the New Mexico federal court for a partial summary judgment to foreclose its mortgage lien on the New Mexico property. The district court granted partial summary judgment, and this court affirmed on appeal, United States v. Althoff, No. 93-2114, 16 F.3d 417 (table)(10th Cir.1993), cert. denied, 115 S.Ct. 116 (1994). The New Mexico federal court then entered a deficiency judgment for the amount of the defaulted loan, plus interest and costs, less credit for partial satisfaction.
 
 
 4
 Plaintiff then registered the deficiency judgment in the United States District Court for the District of Utah. Defendants moved for relief from the deficiency judgment, pursuant to Fed.R.Civ.P. 60(b)(5). The Utah court denied the motion, and defendants now appeal that denial.
 
 
 5
 Much of defendants' argument is directed at claimed errors in the New Mexico federal district court's orders. Although they recognize that claims lost or abandoned on appeal are barred, defendants maintain they are entitled to relitigate the New Mexico orders because (1) that court's conclusions of law are contrary to law and unconstitutional, (2) all of the facts relating to foreclosure of the Arizona property were not presented to the New Mexico court, and (3) all issues were not ruled on by the New Mexico district court or this court of appeals.
 
 
 6
 "Under the doctrine of res judicata, or 'claim preclusion,' a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Robinson v. Volkswagenwerk Ag, No. 93-5168, 1995 WL 325221, at * 5 (10th Cir. May 30, 1995)(emphasis added); accord Allen v. McCurry, 449 U.S. 90, 94 (1980).
 
 
 7
 Applying the doctrine of res judicata here, we hold that any and all claims that were raised or could have been raised in the New Mexico federal district court proceedings are barred, including: (1) claims surrounding the Loan Authorization document or other loan documents; (2) whether the SBA discharged its obligations under 15 U.S.C. 631; (3) claims that the SBA violated defendants' constitutional rights arising prior to the entry of the New Mexico federal district court's orders; (4) counterclaims against the SBA arising prior to the entry of the New Mexico federal district court's orders; (5) claims pertaining to the SBA's failure to subrogate its lien on the Arizona real property; and (6) claims pertaining to the sales of the Arizona, New Mexico, and Utah real properties, the proceeds from which were credited to calculate the deficiency.
 
 
 8
 We turn to the issue properly before us: Whether the Utah federal district court abused its discretion in denying defendant's motion for relief from judgment under Rule 60(b)(5). See Buchanan v. Sherrill, 51 F.3d 227, 230 (10th Cir.1995)(we review denial of post-judgment relief under Rule 60 for abuse of discretion). "Rule 60(b) relief is only appropriate under extraordinary circumstances." Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir.1994). Rule 60(b)(5) permits the court to relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application." Defendants claim they are entitled to relief under Rule 60(b) because (1) the SBA's acts constitute extraordinary circumstances requiring relief, and (2) the deficiency judgment is no longer equitable so should not have prospective application.
 
 
 9
 Defendants maintain the Utah judgment has prospective application because its enforcement will deprive them of future income. They also seek to protect all small businesses in America who might borrow from the SBA in the future.
 
 
 10
 To determine if a judgment has prospective application within the meaning of Rule 60(b)(5), we examine "whether it is 'executory' or involves 'the supervision of changing conduct or conditions[.]' " Twelve John Does v. District of Columbia, 841 F.2d 1133, 1139 (D.C.Cir.1988)(quoting Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421, 431 (1855); and United States v. Swift & Co., 286 U.S. 106, 114 (1932)). That an order requires future compliance does not necessarily bring it within the purview of Rule 60(b)(5). Twelve John Does, 841 F.2d at 1138. "The construction of the Rule sought by [defendants], 'which apparently is to the effect that a judgment has prospective effect so long as the parties are bound by it, would read the word "prospective" out of the rule.' We are not inclined to adopt such a construction." Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995)(quoting Schwartz v. United States, 976 F.2d 213, 218 (4th Cir.1992), cert. denied, 113 S.Ct. 1280 (1993)).
 
 
 11
 Furthermore, defendant cannot rely on possible future damage to other small businesses to meet the rule's prospective application requirement. "[A party] generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982)(quotation omitted). Accordingly, defendants have not shown entitlement to relief under the prospective application clause of Rule 60(b)(5).
 
 
 12
 We next address defendants' claim that the SBA's sale of the secured Utah personal property was not commercially reasonable, and therefore defendants did not receive adequate credit against their debt. See Rule 60(b)(5)(providing for relief if judgment has been satisfied). The Rule 60(b) motion on appeal here challenges the deficiency judgment originally entered by the New Mexico federal court, not the sale of the Utah personal property. Therefore, we do not address whether the sale was commercially unreasonable, or what the legal consequences of such a finding would be, see Cottam v. Heppner, 777 P.2d 468, 474 n. 4 (Utah 1989)(noting that consequences of creditor's failure to meet statutory requirements in disposing of collateral have not been definitively settled in Utah). Rather, we consider whether defendants are entitled to relief from the deficiency judgment.
 
 
 13
 In reviewing an order denying a motion filed under Rule 60(b), "[w]e will reverse the district court's determination 'only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong.' " Johnston v. Cigna Corp., 14 F.3d 486, 496-97 (10th Cir.1993)(quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir.1990), cert. denied, 115 S.Ct. 1792 (1995). We have carefully considered defendants' arguments and the evidence presented to the district court. We conclude the record supports the district court's decision to deny relief under Rule 60(b).
 
 
 14
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470