66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Compton PYLE, Defendant-Appellant.
 No. 95-4058.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Wayne Compton Pyle appeals the denial of his pro se motion for the return of personal property which was forfeited in an administrative proceeding. He contends that the district court erred in ruling that the forfeiture action did not violate the Fifth Amendment's Double Jeopardy Clause. We affirm.
 
 
 3
 Following an undercover operation, on December 19, 1991, Pyle was indicted on four counts of distribution of cocaine in violation of 21 U.S.C. 841(a)(1), one count of using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1), and two counts of possession of an unregistered firearm in violation of 18 U.S.C. 5861(d). Three of the cocaine distribution counts included criminal forfeiture claims for the "buy" money (a total of $6,500) which the government used in its undercover purchase of the drugs.
 
 
 4
 At the time of Pyle's arrest on January 17, 1992, agents seized cocaine and $837 from his person. When a search of his car uncovered another four ounces of cocaine and a firearm, the car was also seized. Later that day, during a consent search of Pyle's residence, a drug-detecting dog alerted to a kitchen chair. Agents then discovered a total of eighteen thousand dollars hidden in the seat padding of that chair and one other.[2]
 
 
 5
 Prior to Pyle's trial on the charges covered by the indictment, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") initiated administrative forfeiture proceedings against Pyle's car as a carrier used to transport unregistered firearms, and the Drug Enforcement Administration ("DEA") initiated forfeiture proceedings against the eighteen thousand dollars. Pyle filed no claim or request for remission in either administrative proceeding.
 
 
 6
 The DEA issued its Declaration of Forfeiture on April 10, 1992. R. Vol. I, Tab 57 at 4 and Ex. D. On the same day, Pyle filed a motion to dismiss the criminal action on double jeopardy grounds. Id., Tab 19. The matter was referred to a magistrate judge who concluded, inter alia, that the Double Jeopardy Clause did not bar prosecution because the conduct and concomitant criminal forfeitures covered in the indictment were different from the conduct which gave rise to the DEA administrative forfeiture. R. Vol. I, Tab 26.
 
 
 7
 On May 29, 1992, Pyle unconditionally pled guilty to two drug related counts of the indictment and stipulated to the criminal forfeitures of the $6,500 "buy" money. The government dismissed the remaining counts, including the two counts related to firearms violations. A money judgment for $6,500 was entered in the government's favor on July 10, 1992. On July 12, 1992, the ATF executed its Declaration of Forfeiture of Pyle's car.
 
 
 8
 Pyle was sentenced on September 23, 1992. Prior to sentencing, however, the government instituted a civil proceeding to forfeit the $837 seized from Pyle at the time of his arrest. On May 24, 1993, the parties entered into a stipulation by which the government agreed to deduct the $837 from its earlier money judgment.
 
 
 9
 On October 21, 1994, Pyle filed this motion for return of property, raising essentially the same legal arguments which had been raised in his previous motion to dismiss. Factually, however, the earlier motion sought to dismiss the criminal action as the second prosecution which could not proceed following the DEA forfeiture, while the current motion incorrectly characterizes the DEA forfeiture as a second action.
 
 DISCUSSION
 
 10
 The Double Jeopardy Clause protects against a second prosecution after a conviction for the same offense, and it also protects against a second punishment for the same offense. See United States v. Bizzell, 921 F.2d 263, 266 (10th Cir.1990). Prosecution jeopardy attaches at the time a jury is impaneled and sworn, or when the court begins to hear evidence in a bench trial. Id.
 
 
 11
 In this case, the DEA forfeiture was the first completed action. At the time that forfeiture occurred, no other jeopardy had attached. Accordingly, the Fifth Amendment prohibition against double jeopardy does not support Pyle's claim for return of the forfeited money.[3] Further, the offenses covered by the DEA forfeiture, and Pyle's subsequent guilty plea, conviction, and criminal forfeiture judgment were not the same offenses for which the ATF forfeited his car.[4] Therefore, the separate ATF forfeiture did not subject him to double jeopardy.[5]
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although Pyle's motion indicates that the sum taken from his apartment was $18,837, the record indicates that the sum was $18,000 in $1,000 bundles. R. Vol. I, Tab 24 at 3-4
 
 
 [3]
 We may affirm on any basis supported by the record. Robinson v. Wolkswagenwerk AG, 56 F.3d 1268, 1274 (10th Cir.1995)
 
 
 [4]
 Pyle does not dispute the government's factual assertion that the ATF forfeited his car because it was used to transport contraband firearms in violation of 26 U.S.C. 5861
 
 
 [5]
 Although related firearms offenses were covered by Counts III and IV of the indictment, the government dismissed those counts before jeopardy attached