**P.A.T., CO. and Kustom Signals, Inc., Plaintiffs,**

v.

**ULTRAK, INC., Defendant.**

**Civil Action No. 95–2273–EEO.**

United States District Court, D. Kansas.

Dec. 2, 1996.

Michael Yakimo, Jr., D.A.N. Chase, Ginnie C. Derusseau, Chase & Yakimo, Overland Park, KS, for plaintiffs.

Scott A. McCreight, Lawrence Ray Lassiter, McCreight & Lassiter, L.C., Kansas City, MO, Thomas L. Cantrell, Jeffrey E. Bacon, Dallas, TX, Stephen J. Wyse, Jenkins & Gilchrist, P.C., Dallas, TX, for defendant.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's first motion in limine (Doc. # 84). Defendant requests that the court preclude plaintiffs from relitigating certain issues of claim construction that were previously litigated in the case of *P.A.T. Co. v. CrimTec Corp.*, 35 U.S.P.Q.2d 1709, 1994 WL 848669 (E.D.Mich.1994) (J. La Plata). In particular, defendant contends that plaintiffs argued and the *CrimTec* court found that the term "vault" in the Peterson patents includes a temperature control regulator, is bulletproof, fireproof, and tamper proof, and the vault prevents an officer from taping over any prior taped events. Plaintiffs contend that the *CrimTec* court did not construe the term "vault" to have these additional limitations.

### Factual Background

Plaintiffs allege that defendant's surveillance system infringes their patents for a vehicle mounted surveillance and videotaping system, specifically, U.S. Patent 4,789,904 (the "'904 patent") and U.S. Patent 4,949,186 (the "'186 patent") (collectively, the "Peterson patents" or "Peterson invention"). Plaintiff P.A.T., Co. ("PATCO") is the owner by assignment of both the '904 apparatus patent and the '186 method patent. Plaintiff Kustom Signals, Inc. ("KSI") manufactures and sells the patented system, under the trademark EYEWITNESS, pursuant to a license from PATCO. The '904 apparatus patent was issued on December 6, 1988, and the '186 method patent was issued on August 14, 1990. Peterson's invention, which is the subject of the '904 and '186 patents, is a

vehicle mounted surveillance and videotaping system for use by law enforcement personnel to videotape stops for traffic violations.

Plaintiffs PATCO and KSI brought a previous infringement lawsuit involving the same two patents against CrimTec Corporation. *See CrimTec, supra.* In *CrimTec,* the court determined the validity of the Peterson patents based on a vehicle mounted surveillance system that was sold in December of 1983 by John Toman (the "Toman system"). *Id.* at 1710. The court held that PATCO's patents were not invalid for obviousness based on the Toman prior art and further that PATCO's patents were infringed by CrimTec's device.

*Analysis*

### I. Collateral Estoppel.

The doctrine of collateral estoppel bars parties to a prior lawsuit from relitigating an issue of fact or law that was actually litigated in a prior action, where resolution of the issue was essential to a final judgment in the prior action, and the parties had a full and fair opportunity to litigate the issue in the prior action. *See Robinson v. Volkswagenwerk AG,* 56 F.3d 1268, 1272–73 (10th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996); *Jackson Jordan, Inc. v. Plasser Am. Corp.,* 747 F.2d 1567, 1575–76, 224 U.S.P.Q. 1, 7 (Fed.Cir. 1984) (quoting Restatement (Second) of Judgments § 27); *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702 (Fed.Cir. 1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984). The doctrine of collateral estoppel applies equally where a court previously construed patent claims. *In re Freeman,* 30 F.3d 1459, 1465 (Fed.Cir. 1994). There are a number of exceptions to the collateral estoppel doctrine, including when a "party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." *Jackson Jordan,* 747 F.2d at 1576 (quoting Restatement (Second) of Judgments § 28).

### A. Meaning Of "Vault" Actually Determined in CrimTec.

■ The court first looks at whether Judge La Plata actually determined the definition of "vault" in the *CrimTec* action. In *CrimTec,* the court held that PATCO's patents were infringed and that PATCO's patents were not invalid for obviousness based on the Toman prior art. After a careful review of Judge La Plata's opinion, this court cannot conclude that Judge La Plata explicitly defined the term "vault." Judge La Plata stated:

> [i]nitially, the only word which requires interpretation by this Court is the word vault. It is of some interest to note that at trial CrimTec sought to distinguish VICS from EYEWITNESS by arguing that the VICS steel enclosure was not a vault. Yet, CrimTec attempts to persuade the Court that the significantly smaller, unprotected and unsecured Toman steel enclosure is a vault and thus reads on EYEWITNESS. In interpreting the term vault as it is used in claim one, the Court finds as follows: 1. CrimTec's steel enclosure marked as PATCO's exhibit 66 is a vault. 2. The Court finds that the terms "proof" and "resistant" are different without distinction. In fact, the dictionary uses the word resistant to define the word proof.

35 U.S.P.Q.2d at 1711. Although defendant has not relied on the above language, an argument could be made that Judge La Plata read the bulletproof and fireproof limitation contained in other dependent claims into claim 1 of the '904 patent. This court, however, is hesitant to make this assumption because Judge La Plata never explicitly stated the meaning of "vault" in his opinion and such an assumption would be inconsistent with the doctrine of claim differentiation.[1]

Defendant contends that Judge La Plata implicitly found that the term "vault" includes a temperature control regulator, is bulletproof, fireproof, and tamper proof, and the vault prevents an officer from taping over any prior taped events. Defendant relies on Judge La Plata's obviousness analysis,

---

1. In ruling on defendant's motion for partial summary judgment, this court discussed extensively the doctrine of claim differentiation and its applicability to the facts of this case. *See* 12/2/96 Memorandum and Order at 17–19. The court incorporates by reference that discussion here.

which was not restricted to any particular claim. 35 U.S.P.Q.2d at 1712. Rather, Judge La Plata compared the entire Peterson invention to the Toman invention. Judge La Plata's precise definition of "vault" cannot be found in the published *CrimTec* decision. This court therefore cannot conclude that the definition of "vault" was actually determined by a prior valid and final judgment. The doctrine of collateral estoppel accordingly is inapplicable in the instant case.

### B. *Plaintiffs' Ability To Appeal "Vault" Definition.*

■ Even if the court assumes that Judge La Plata explicitly defined the term "vault," plaintiffs' inability to appeal that decision bars the application of collateral estoppel in this case. Plaintiffs contend that it could not appeal the *CrimTec* decision because it won on the issues of invalidity and infringement. *See Jackson Jordan*, 747 F.2d at 1577–78 ("[I]f a claim is held valid and infringed on a narrower than necessary basis, the patent owner cannot appeal."). Defendant responds that plaintiffs did not prevail on all issues in *CrimTec* and could have sought review of the court's claim construction by appealing the court's finding on willful infringement.

Defendant argues that claim construction of the term "vault" is necessarily required in a court's analysis of willful infringement. Neither authority cited by defendant requires a court to make explicit findings of claim construction as part of the willful infringement analysis. *See Read Corp v. Portec, Inc.*, 970 F.2d 816 (Fed.Cir.1992); *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936 (Fed. Cir.1992). Although one of the many factors courts consider in the willful infringement analysis is whether the infringer had a reasonable basis for believing it was not infringing on another's invention, *Ortho*, 959 F.2d at 944, courts do not necessarily have to construe the patent claims to apply this factor. Most of the other factors used in the willfulness analysis are unrelated to the precise construction of the claims of the patents in suit. *See Read Corp.*, 970 F.2d at 826–28. For example, whether the infringer received an opinion letter from counsel is an important factor unrelated to the precise construc-

tion of the claims. *Ortho*, 959 F.2d at 944. Indeed, Judge La Plata in *CrimTec* apparently relied heavily on this factor in determining that there was no willful infringement. 35 U.S.P.Q.2d at 1711.

Plaintiffs had no opportunity to properly seek appellate review of Judge La Plata's interpretation of the term "vault" because it was not essential to the court's finding on the willful infringement issue. A court hearing an appeal of a willful infringement issue also would not have to construe the term "vault." Thus, any appellate construction of the term "vault" with respect to the willfulness inquiry would not have precluded plaintiffs from relitigating this issue. *See* Restatement (Second) of Judgments § 27, comment h; *see also Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 (5th Cir.1981) (collateral estoppel does not apply "if the issue was not necessary to the rendering of the prior judgment, and hence was incidental, collateral, or immaterial to that judgment"). In addition, the court does not believe that plaintiffs would have had a fair and full opportunity to litigate the claim construction issue on appeal because the issue was only tangentially related to the willful infringement issue. *See* Restatement (Second) of Judgments § 28(1), comment a; *In re Freeman*, 30 F.3d at 1467. Plaintiffs could not, as a matter of law, have obtained judicial review of the court's definition of "vault" in the *CrimTec* action.

## II. Preclusion Of Inconsistent Positions.

■ Although not expressly argued by defendant in its first motion in limine, defendant contends in its Markman brief that plaintiffs are estopped from taking a position inconsistent with arguments asserted in a previous lawsuit. Defendant claims that plaintiffs argued in *CrimTec* that the term "vault" includes limitations that the vault is locked with a highly secure lock, that it is bullet, crash, and explosion resistant, and that it is climate controlled. Def.'s Markman Brief at 15 (citing plaintiffs' closing statement). The court has reviewed the cited text and plaintiffs' entire closing argument. Defendant's selective quotation of plaintiffs' closing argument does not accurately reflect, and in fact misrepresents, plaintiffs' position

1522

in *CrimTec*. Counsel for plaintiffs repeatedly stated that certain limitations of the vault contained in dependent claims, such as climate control and fireproof and bulletproof nature, are *in addition* to the limitations of vault contained in the independent claims. June 10, 1994, Trial Transcript at 16, 19, 22–23, 27–28, 37–38, 102. The court finds that plaintiffs' proposed definition of "vault" in this case is not in conflict with the arguments advanced by plaintiffs in the *CrimTec* lawsuit.

IT IS THEREFORE ORDERED that defendant's first motion in limine (Doc. # 84) is denied.