Patrick C. HOEFER, Plaintiff,

v.

FLUOR DANIEL, INC.,
et al., Defendants.

No. SA CV 98–447–GLT(KY).

United States District Court,
C.D. California.

May 25, 1999.

Dean Francis Pace, Pace & Rose, Los Angeles, CA, for plaintiff.

Rita J. Miller, Munger, Tolles & Olson, Los Angeles, CA, for defendant.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

TAYLOR, District Judge.

On three issues not yet decided by the Ninth Circuit, the Court holds California's False Claims Act does not protect federal whistleblowers, the intracorporate conspiracy doctrine applies to a 42 U.S.C. § 1985 conspiracy claim, and a state wrongful employment retaliation claim is preempted by the Federal False Claims Act.

### I. BACKGROUND

Plaintiff Hoefer was hired by Defendant Fluor Daniel in 1988, and later served as Fluor's Director of Government Finance Compliance. In 1998 Hoefer was suspended and in 1999 he was terminated. Hoefer alleges he was retaliated against for bringing two *qui tam* actions charging Fluor with violations of the Federal False Claims Act.

Plaintiff sued Fluor for (1) violation of the Federal False Claims Act, 31 U.S.C. § 3729 and following; (2) violation of the California False Claims Act, Cal. Govern-

ment Code § 12653; (3) violation of 42 U.S.C. § 1985(2, 3); and (4) wrongful employment retaliation in violation of public policy. Defendant does not now challenge the Federal False Claims Act claim, but moves to dismiss the other claims.

## II. *DISCUSSION*

By its motion, Fluor presents issues of first impression on each of the challenged claims.

A. *California False Claims Act—non-application to federal whistleblowers*

■ The Court holds California's False Claims Act does not provide protection from retaliation for federal whistleblowers.

Plaintiff claims Defendant Fluor violated California's False Claims Act, Government Code § 12653(b), by retaliating against him for filing two cases under the Federal False Claims Act (31 U.S.C. § 3729 *et seq.*) alleging Fluor overbilled the federal government. Defendants move to dismiss Plaintiff's second cause of action on the grounds Section 12653 protects only state whistleblowers.

California Government Code § 12653(b) provides:

No employer shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against, an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf of the employee or others in disclosing information to a government or law enforcement agency or in furthering a false claims action, including investigation for, initiation of, testimony for, or assistance in, an action filed or to be filed under Section 12652.

Plaintiff argues the first part of Section 12653, which prohibits retaliation against an employee for "disclosing information to a government or law enforcement agency," is not limited to state whistleblowers.

Plaintiff argues only the second part of Section 12653, which prohibits retaliation against an employee for "furthering a false claims action," is limited to state whistleblowers.[1]

The Court disagrees with Plaintiff's reading of Section 12653. That section is part of California's False Claims Act contained in Article 9 of the California Government Code. *See* Cal. Gov't.Code §§ 12650–12655. The purpose of Article 9 is to protect whistleblowers who report false claims requesting money from the state or local governments. According to Section 12650, for the purposes of this article the term "claim" includes:

any request or demand for money, property, or services made to any employee, officer, or agent of the state or of any political subdivision, or to any contractor, grantee, or other recipient, whether under contract or not, if any portion of the money, property, or services requested or demanded issued from, or was provided by, the state ... or by any political subdivision thereof.

Similarly, Section 12651 provides the false claims actionable under Article 9 are those against the state or a political subdivision of the state.

In light of its language and context, the Court concludes Section 12653(b) does not assist federal whistleblowers. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's California False Claims Act cause of action.

B. *42 U.S.C. § 1985 Conspiracy Claim—Application of the Intracorporate Conspiracy Doctrine*

The Court holds the intracorporate conspiracy doctrine applies to 42 U.S.C. § 1985 conspiracy claims.

Plaintiff alleges Defendant Fluor, three individual Fluor defendant employees, and Fluor's retained counsel conspired among

---

1. Neither party has cited any cases discussing the applicability of Section 12653(b) to feder-

al whistleblower actions.

themselves to retaliate against Plaintiff for bringing False Claims Act proceedings.[2]

 The intracorporate conspiracy doctrine provides that, as a matter of law, a corporation cannot conspire with its own employees or agents. *See Washington v. Duty Free Shoppers*, 696 F.Supp. 1323, 1325 (N.D.Cal.1988).[3] The logic for the doctrine comes directly from the definition of a conspiracy. A conspiracy requires a meeting of minds. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983). "It is basic to the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself anymore than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953).

 Plaintiff argues the Supreme Court in *Haddle v. Garrison*, 525 U.S. 121, 119 S.Ct. 489, 142 L.Ed.2d 502 (1998), implicitly considered and rejected the intracorporate conspiracy doctrine's application to Section 1985 by allowing an employee to bring a Section 1985(2) action against his employer and its officers. Plaintiff misconstrues the scope and holding of *Haddle*. Although *Haddle* involved a Section 1985(2) action alleging conspiracy among an employer and its officers, the intracorporate conspiracy issue was not considered. The Supreme Court made clear its review was "confined to one question: Can petitioner state a claim for damages by alleging that a conspiracy proscribed by § 1985(2) induced his employer to terminate his at-will employment?" *See Haddle*, 119 S.Ct. at 491. The Supreme Court

ruled only on that issue. *See Haddle*, 119 S.Ct. at 492. The Eleventh circuit had already previously rejected the intracorporate conspiracy doctrine.[4] Because the intracorporate conspiracy doctrine was not before the Supreme Court, it would be a mistake to draw any inference from the Court's silence on the issue. *See United States v. Stewart*, 650 F.2d 178, 180 (9th Cir.1981); *Sacramento Valley Chapter of National Electrical Contractors Association v. International Brotherhood of Electrical Workers*, 632 F.Supp. 1403, 1414 (E.D.Cal.1986), *aff'd*, 888 F.2d 604 (9th Cir.1989).

The intracorporate conspiracy doctrine first developed in the anti-trust context. *See Nelson*, 200 F.2d at 914 (holding a corporation cannot conspire with its officers and agents to restrain trade in its own products). The Seventh Circuit extended the doctrine to Section 1985 claims. *See Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972) (holding that, when two executives of the same firm make a decision to discriminate in furtherance of the purposes of the business, this decision cannot be called a conspiracy for purposes of § 1985).

The Circuits are divided over whether extension of the intracorporate conspiracy doctrine to Section 1985 is appropriate. The Second, Fourth, Sixth and Eighth Circuits have followed the Seventh Circuit's extension of the doctrine to Section 1985, finding its logic applies equally in both contexts. According to the Eight Circuit, "If the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute

2. Plaintiff does not allege which portions of 42 U.S.C. § 1985(2, 3) were triggered by the claimed conspiracy. Defendants and the Court assume Plaintiff is alleging violations of the first clause of Section 1985(2)—conspiracies to interfere with justice in the federal courts—and the first clause of Section 1985(3)—private conspiracies to deny "any person or class of persons the equal protection of the laws."

3. Fluor's retained counsel is its agent for the purposes of the intracorporate conspiracy doctrine. *See Doherty v. American Motors Corporation*, 728 F.2d 334, 340 (6th Cir.1984).

4. *See United States v. Hartley*, 678 F.2d 961, 971–72 (11th Cir.1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

the conspiracy contemplated by this statute." *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181 (8th Cir.1974) (applying intracorporate conspiracy doctrine to Section 1985 action based on alleged sex discrimination). Similarly, the Second Circuit applied the intracorporate conspiracy doctrine to a Section 1985 claim based on alleged sex discrimination finding "plaintiff's allegations of multiple acts by the directors are not alleged to be other than the implementation of a single policy by a single policymaking body.... [P]laintiff does not allege that any of the individual defendants acted in any other capacity than his official role of director." *Girard v. 94th Street & Fifth Avenue Corp.,* 530 F.2d 66, 71 (2nd Cir.1976), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976). *See also Buschi v. Kirven,* 775 F.2d 1240, 1251–52 (4th Cir.1985) (applying the intracorporate conspiracy doctrine to a Section 1985 conspiracy alleging violation of plaintiffs' First Amendment and due process rights). *See also Doherty,* 728 F.2d at 339–40 (applying the intracorporate conspiracy doctrine to a Section 1985(2) case alleging a corporate conspiracy to coerce plaintiff-employee to enter nolo contendere plea to federal bribery charges).

For public policy reasons, however, the First and Third Circuits have refused to apply the intracorporate conspiracy doctrine to Section 1985 cases alleging conspiracies to discriminate on the basis of race or sex. *See Stathos v. Bowden,* 728 F.2d 15, 20–21 (1st Cir.1984) (holding the logic of the intracorporate conspiracy doctrine in antitrust cases does not warrant its extension to civil rights cases). Similarly, the Third Circuit rejected the application of the intracorporate conspiracy doctrine to a Section 1985 claim based on alleged sex discrimination because it saw "nothing in the policies undergirding

§ 1985(3)" to support its application to cases alleging conspiracies to violate civil rights. *See Novotny v. Great American Fed. Savings & Loan Assn.,* 584 F.2d 1235, 1257 (3d Cir.1978), *rev'd on other grds.,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

The Ninth Circuit has expressly declined so far to decide whether the intracorporate conspiracy doctrine could be applied to a Section 1985 case. *See Portman v. County of Santa Clara,* 995 F.2d 898, 910 (9th Cir.1993).

California's federal district courts have disagreed over the doctrine's application to Section 1985 for the same reasons the Circuits have disagreed. Two district courts have rejected the application of the doctrine to Section 1985 claims based on underlying acts of race discrimination, holding such an application would unduly restrict antidiscrimination laws. *See Rebel Van Lines v. City of Compton,* 663 F.Supp. 786, 792 (C.D.Cal.1987) ("To apply the intracorporate conspiracy exception to public entities and officials would immunize official policies of discrimination"). *See also Duty Free Shoppers,* 696 F.Supp. at 1326 ("[T]he intracorporate conspiracy doctrine should not be extended to §§ 1985(3) and 1986 because its rationale does not apply in the civil rights context. In the area of civil rights, a real danger exists from the collaboration among agents of a single business to discriminate.").[5]

Other California district courts have accepted the logic of the doctrine and applied it in the Section 1985 context, including claims alleging civil rights violations. The court in *Rabkin v. Dean* found persuasive "the rationale supporting application of the intracorporate conspiracy doctrine to bar a Section 1985 claim where the conspiratorial conduct challenged is essentially a single

---

**5.** The Court in *Rebel Van Lines* also suggested employees engaged in racial discrimination were acting outside the scope of their business authority and were therefore no longer agents of the corporation, so would be capable of forming a conspiracy. *See* 663 F.Supp.

786, 792 (C.D.Cal.1987) ("Racial discrimination can never further any 'business purpose' of a governmental entity."). This concept is consistent with the intracorporate conspiracy doctrine, which would apply when the conduct is within the scope of employment.

act by a single governmental body acting exclusively through its own officers, each acting within the scope of his or her official capacity." 856 F.Supp. 543, 551–52 (N.D.Cal.1994) (applying the intracorporate conspiracy doctrine to bar a Section 1985 claim based on alleged politically-based discrimination). *See also Welsh v. City and County of San Francisco*, No. C–93–3722 DLJ, 1995 WL 415127 at \*3 (N.D.Cal. June 30, 1995) (following the logic of *Rabkin* and applying the intracorporate conspiracy doctrine to a Section 1985 claim based on alleged sex discrimination).

This Court agrees with the Second, Fourth, Sixth, Seventh, and Eighth Circuits: The logic of the doctrine is sound. Its application should not depend on the perceived importance of the issue or public policy involved. The doctrine would not apply if the actionable conduct is outside the scope of employment. The Court holds the intracorporate conspiracy doctrine applies to Section 1985 claims.

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's cause of action alleging violations of 42 U.S.C. § 1985.

C. *Federal False Claims Act preemption of state wrongful discharge tort for retaliation against federal whistleblower*

■ The Court holds the Federal False Claims Act preempts state wrongful discharge tort actions for retaliation against a federal whistleblower.

Defendants argue Plaintiff's action for wrongful employment retaliation in violation of public policy is preempted by the Federal False Claims Act, 31 U.S.C. § 3729 et seq. By enacting a comprehensive False Claims Act scheme, defendants argue, Congress intended to occupy the entire field of federal false claims. Defendants further argue California's wrongful discharge tort, by allowing the recovery of punitive damages, impedes one objective of the False Claims Act—to dissuade frivolous lawsuits by not allowing punitive damages. Plaintiff argues against preemption that California has a public policy interest in protecting its citizens from wrongful employment retaliation or termination in violation of either federal or state law.

The question whether the Federal False Claims Act preempts state wrongful discharge torts alleging retaliation for a federal whistleblower action is one of first impression. Federal field preemption may be inferred where "the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982) (citation omitted). *See also De Canas v. Bica*, 424 U.S. 351, 357, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976). Preemption occurs where a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

The False Claims Act created a comprehensive scheme designed to protect federal whistleblowers while discouraging frivolous suits by limiting available remedies. *See* 31 U.S.C. § 3730(h). California's wrongful discharge tort is inconsistent with this latter objective because it allows recovery of punitive damages.

Several of the federal statutes the False Claims Act was modeled after have been found to preempt state tort remedies for wrongful discharge. *See* S.Rep. No. 345, 9th Cong., 2nd. Sess. 73 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5299 (stating Section 3730(h) was modeled in part after the whistleblower protections found in 42 U.S.C. § 5851), *and Snow v. Bechtel Const. Inc.*, 647 F.Supp. 1514, 1518–19 (C.D.Cal.1986) (holding the whistleblower protection provision of the Energy Reorganization Act, 42 U.S.C. § 5851, preempted California's wrongful discharge tort). *See also* S.Rep. No. 345, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5299 (stating Congress modeled Section 3730(h) in part after the whistleblower provision of the Toxic Substances Control Act), *and Braun v. Kelsey–Hayes Co.*, 635 F.Supp. 75, 80

(E.D.Pa.1986) (holding the statutory remedies for whistleblowers under the Toxic Substances Control Act, 15 U.S.C. § 2622, were exclusive and no state wrongful discharge claim could be maintained).

The Court concludes federal preemption of Plaintiff's wrongful discharge claim applies in this case. Defendants' Motion to Dismiss plaintiff's state wrongful discharge claim is GRANTED.

### III. *DISPOSITION*

For the reasons stated, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second, Third and Fourth Causes of Action.