**Dean SCHMITZ, Plaintiff,**

v.

**MARS, INC., a Delaware corporation, Erin Hirsch and Robert Conley, Defendants.**

**No. CV 02–1183–BR.**

United States District Court, D. Oregon.

March 6, 2003.

Gordon S. Gannicott, Philip M. Lebenbaum, Hollander, Lebenbaum & Gannicott, Portland, for Plaintiff.

David P.R. Symes, Perkins Coie LLP, Portland, Harry R. Harmon, Harmon & Davies, P.C., Lancaster, PA, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (# 15) and Defendant's Motion to Strike (# 26). For the following reasons, the Court **GRANTS** both motions and dismisses this matter with prejudice.

### BACKGROUND

On November 20, 2000, Plaintiff brought an action against Defendant M & M/Mars, a division of Mars, Inc., CV 98–825 (*Schmitz* I), for violation of 42 U.S.C. § 2000e *et seq.* (Title VII). *Schmitz I* is currently on appeal to the Ninth Circuit. The Court entered extensive findings of fact and conclusions of law in *Schmitz I* and, therefore, only briefly summarizes the facts here.

Plaintiff, a Caucasian male, worked for Defendant from 1983 until August 1999. Plaintiff's supervisor was an African–American. Plaintiff was laid off in 1999 as a result of a business reorganization. After he was laid off, Plaintiff interviewed for several positions with Defendant but was not selected for re-employment.

In his title VII claim in *Schmitz I,* Plaintiff alleged he was subject to a racially hostile work environment during his employment, he was terminated because of his race, and he was not hired for other positions with Defendant and was denied an opportunity to interview for one position in retaliation for making his race discrimination claims. After a bench trial, the Court found Plaintiff failed to prove he was subjected to a hostile work environment based on his race. The Court also concluded Plaintiff failed to prove he was not selected for the four jobs he interviewed for after he was laid off because he made his EEOC or Title VII claims. The Court, however, found Defendant unlawfully retaliated against Plaintiff when Defendant denied Plaintiff the opportunity to interview for a position as Retail Sales Supervisor in Portland, Oregon. The Court awarded Plaintiff $25,000 in compensatory damages for the emotional dis-

tress he sustained because of that retaliation.

On August 28, 2002, Plaintiff filed a Motion to Set Aside Judgment in *Schmitz I* pursuant to Fed.R.Civ.P. 60(b). The same day, Plaintiff filed his Complaint in this action based on the same facts he asserted in support of his Rule 60(b) Motion. According to Plaintiff, he received new information after the trial and judgment in *Schmitz I* to support his claim that Defendant had retaliated against him by refusing to hire him for any of the jobs he interviewed for after he was laid off. The alleged source of the new information was Tracy Malmos, a former personnel manager for Defendant and a witness at trial. Plaintiff contended Malmos contacted Plaintiff's attorney on May 1, 2002, and related certain facts concerning Defendant's handling of Plaintiff's "attempts to land a job following his 1999 layoff." Plaintiff argued Malmos's statements proved Defendant had concealed relevant evidence from Plaintiff during the course of discovery and trial of *Schmitz I*. In its Opinion and Order issued December 6, 2002, however, the Court denied Plaintiff's Rule 60(b) Motion in *Schmitz I* because Plaintiff failed to submit any admissible evidence to support the alleged new information. Indeed, Plaintiff submitted only an unsigned affidavit from Malmos and the hearsay testimony of his attorney to support his allegations.

In this action, Plaintiff asserted claims against Defendants Mars, Inc., Erin Hirsch, and Robert Conley. Plaintiff, however, conceded the Motion to Dismiss for Lack of Personal Jurisdiction Defendants Hirsch and Conley filed leaving only Mars, Inc. as the sole Defendant. Although Plaintiff originally asserted eight claims, he withdrew his first three claims. Plaintiff's remaining claims against Mars, Inc., are for Intentional Interference with a Prospective Advantage, Intentional In-

fliction of Emotional Distress, Fraud, Civil Conspiracy, and a claim under 42 U.S.C. § 1985(2).

## MOTION TO STRIKE

Defendant moves to strike both the Declaration of Gordon Gannicott and Exhibit 1 to the Declaration, which is the unsigned Affidavit of Tracy Malmos.

■ When deciding a motion to dismiss for failure to state a claim, the court generally considers only the complaint. "In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.'" *Cooper v. Pickett,* 137 F.3d 616, 622 (9th Cir.1998)(quoting *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994)). The Court, therefore, grants Defendant's Motion to Strike. Accordingly, the Court has not considered the Gannicott Declaration or any of its attached documents for purposes of the pending Motions.

## MOTION TO DISMISS

### Standards

■ Dismissal under Fed.R.Civ.P. 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir.1993) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett,* 137 F.3d 616, 622 (9th Cir.1997). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the Court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.,* 912 F.2d 291 (9th Cir.1990), *cert. denied,* 502 U.S. 921, 112 S.Ct. 332, 116 L.Ed.2d 272 (1991).

### *Discussion*

As noted, Plaintiff's Complaint in this matter is based on the same facts he asserted in support of his Rule 60(b) Motion in *Schmitz I,* which the Court denied on December 6, 2002. Plaintiff alleges he became aware in May 2002 that Erin Hirsch, a former personnel director for Defendant, had instructed two personnel managers not to hire Plaintiff for any of the positions he sought after he was laid off. According to Plaintiff, Hirsch did so because Plaintiff was pursuing discrimination claims against Defendant. Plaintiff also alleges Robert Conley, Defendant's current personnel director, threatened the career of Lorin Bradley, a manager on the hiring panel for several of the positions Plaintiff sought, when Bradley expressed discomfort about testifying truthfully about Defendant's handling of Plaintiff's applications. Plaintiff contends both Hirsch and Conley perjured themselves at Plaintiff's trial in *Schmitz I,* and Conley tampered with a witness when he threatened Bradley. Plaintiff also argues the conduct of Hirsch and Conley, acting on behalf of Defendant, gives rise to new claims that are independent of the claims Plaintiff asserted in *Schmitz I.* Plaintiff

emphasizes he is not attempting in this action to have the judgment in *Schmitz I* set aside. Rather, he seeks to recover damages he maintains were caused by Defendant's fraud and perjury in the course of litigating *Schmitz I.*

Defendant moves to dismiss Plaintiff's Complaint and argues the Court's ruling on Plaintiff's Rule 60(b) Motion in *Schmitz I* bars all of Plaintiff's claims in this action.

### I. Plaintiff's Claims Based on Testimony Offered In *Schmitz I* Are Barred.

In each of Plaintiff's five remaining claims, Plaintiff alleges the following conduct by Defendant and/or its employees caused Plaintiff damages:

1. Hirsch instructed Defendant's personnel managers not to hire Plaintiff because Plaintiff was pursuing legal claims against Defendant, and "to take steps to prevent [Plaintiff] from obtaining a position."

2. Conley threatened Lorin Bradley's career "when Bradley expressed discomfort about testifying in connection with [Plaintiff's] legal claims."

3. Hirsch committed perjury at Plaintiff's trial.

4. Conley tampered with a witness by threatening Bradley's career to procure false testimony or to induce him to withhold testimony.

█ Each of Plaintiff's claims, therefore, is based to some extent on the trial testimony of Hirsch, Conley, or Bradley. Under both Oregon and federal law, however, all communications made as part of a judicial proceeding are absolutely privileged. *See, e.g., Franson v. Radich,* 84 Or.App. 715, 722, 735 P.2d 632 (1987); *Blevins v. Ford,* 572 F.2d 1336 (9th Cir. 1978). "Oregon law recognizes the absolute privilege accorded a party in a judicial proceeding when the communications are

in the institution of or during the course and as a part of a judicial proceeding in which [the party] participates, if the matter has some relation thereto." *Franson,* 84 Or.App. at 719, 735 P.2d 632 (internal quotation and citation omitted). In *Franson,* the court held the privilege precluded a claim for intentional infliction of emotional distress brought against both a corporation and an individual representative of the corporation based on testimony made by the representative.

Although Plaintiff acknowledges statements made in judicial proceedings are absolutely privileged, he argues his claims in this matter should survive because they are "based on a package of after acquired evidence, only some of which relates to in court testimony." Plaintiff asserts the "core information" underlying his claims involves statements and actions made by Conley and Hirsch during the post-reorganization hiring processes and the trial preparation for *Schmitz I.* Plaintiff, however, offers little analysis on this issue. In any event, it is clear Plaintiff's claims are dependent to some degree on trial testimony by Defendant's employees. To that extent, the Court, therefore, concludes Plaintiff cannot state a claim based on testimony offered by Defendant and/or its employees in the course of judicial proceedings.

## II. Plaintiff's Fourth Claim for Intentional Interference With a Prospective Advantage Is Precluded.

In his Fourth Claim, Plaintiff alleges Hirsch and Conley intentionally interfered with Plaintiff's prospective economic advantage "by engaging in retaliatory acts to prevent [Plaintiff] from obtaining employment [and] then engaging in perjury, false swearing (Hirsch) and witness tampering (Conley) to prevent [Plaintiff] from prevailing on his retaliation claims." As not-

ed, however, Plaintiff cannot base his claim on allegedly false testimony. In addition, Plaintiff has withdrawn his claim for witness tampering. Plaintiff's Fourth Claim, therefore, boils down to an allegation that Defendant retaliated against him for pursuing his discrimination claims, the same claim that Plaintiff previously litigated in *Schmitz I.* Defendant argues, therefore, Plaintiff's Fourth Claim is barred by res judicata. The Court agrees.

A federal court sitting in diversity must apply the res judicata law of the state in which it sits. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982). Under Oregon law, claim preclusion prohibits a party from relitigating a claim for relief against the same defendant involving the same factual transaction as was litigated in the previous adjudication. *Drews v. EBI Cos.,* 310 Or. 134, 140, 795 P.2d 531 (1990). Issue preclusion, on the other hand, prohibits relitigation of a legal or factual issue if the issue was "actually litigated and determined" in a setting where "its determination was essential to" the final decision reached. *Id.* at 139, 795 P.2d 531.

In *Schmitz I,* Plaintiff had the opportunity to litigate and, in fact, litigated the same issue he seeks to raise here in his Fourth Claim: the issue of Defendant's retaliatory intent in denying Plaintiff the positions for which he applied post-layoff. As to that issue in *Schmitz I,* this Court concluded:

> Schmitz failed to establish by a preponderance of the evidence any causal connection between Schmitz's EEOC or federal Title VII claims and the fact that others were selected rather than Schmitz for the four OAP [1] jobs in 1999.

In other words, Plaintiff's claim that he was denied employment because of illegal

1. OAP refers to Defendant's Opportunity Awareness Program.

retaliation was actually litigated and determined adversely to Plaintiff in *Schmitz I*.

■ Nonetheless, Plaintiff argues he should be allowed to relitigate this issue because he allegedly has discovered misconduct on the part of Defendant's employees during the course of discovery and trial in *Schmitz I*. Under certain circumstances, misconduct of an adverse party may warrant setting aside a judgment under Fed.R.Civ.P. 60(b). Such misconduct, however, does not give rise to a new claim in which Plaintiff may assert the same injury litigated in the prior action. The Court finds, therefore, Plaintiff's Fourth Claim is precluded. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Fourth Claim for intentional interference with prospective advantage.

### III. Plaintiff's Fifth Claim for Intentional Infliction of Emotional Distress Is Precluded.

In his Fifth Claim, Plaintiff alleges the conduct by Defendant's employees set forth in Section I above caused him severe emotional upset and mental anguish. Again, to the extent Plaintiff relies on the allegedly perjured testimony of Defendant's employees as a basis for this claim, it is barred.

Plaintiff, however, asserts his emotional distress claim is based on "the underlying actions of Mars in retaliating against [Plaintiff] by barring his re-employment" rather than on the allegedly perjured testimony. The doctrine of claim preclusion nonetheless bars Plaintiff from bringing a new claim for damages arising from Defendant's alleged retaliation because Plaintiff could have brought a claim for intentional infliction of emotional distress in connection with his retaliation claims in *Schmitz I*.

> '[A] plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [i.e., pre-

cluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.'

*Drews*, 310 Or. at 140, 795 P.2d 531 (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323, 656 P.2d 919 (1982)). Here Plaintiff merely seeks a new remedy—emotional distress damages—based on the same factual transaction litigated in *Schmitz I*. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Fifth Claim for intentional infliction of emotional distress.

### IV. Plaintiff's Sixth Claim for Fraud Is Precluded.

■ In his Sixth Claim, Plaintiff alleges Defendant knowingly made or induced false representations about the handling of Plaintiff's job applications after he was laid off. Plaintiff bases his fraud claim on the allegedly perjured testimony of two of Defendant's witnesses during depositions and at trial. Plaintiff asserts these two witnesses, Hirsch and Bradley, testified falsely when they denied Defendant treated Plaintiff differently from the other applicants in the hiring process and denied they were told to treat Plaintiff differently because of his legal claims. Plaintiff alleges both he and the Court relied on these alleged misrepresentations in "pursuing, presenting, arguing and deciding the case."

The Tenth Circuit dismissed a similar fraud claim in *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268 (10th Cir.1995). In *Robinson*, Plaintiffs brought fraud claims against Volkswagenwerk Aktiengesellschaft (Volkswagen AG) and its attorneys. Plaintiffs previously brought a products

liability action against Volkswagen AG after Plaintiffs were severely burned in an auto accident. Audi NSU, a subsidiary of Volkswagen AG, was substituted as the manufacturer of the allegedly defective vehicle. During the course of the trial, a dispute arose over whether certain documents submitted to the National Highway Traffic Safety Administration (NHTSA) on behalf of Volkswagen AG could be admitted. Counsel for Audi NSU argued the documents were irrelevant to the claims against Audi NSU. The Court agreed and the jury subsequently returned a verdict in favor of Defendants. *Id.* at 1271.

Plaintiffs later filed a separate action against Volkswagen AG and the law firm that represented Audi NSU in the products liability trial. Plaintiffs sought damages for common law fraud, products liability, negligence, and breach of warranty. The fraud claims were based on alleged misrepresentations by Audi NSU's attorney in the course of the products liability trial. *Id.*

The Tenth Circuit affirmed the district court's dismissal of the fraud claims on the ground of issue preclusion. The court found the damages the plaintiffs sought for the defendants' alleged fraud rested on "an unstated but common foundation: they would require plaintiffs to show that, but for the alleged fraud leading to the exclusion of the NHTSA documents, the jury would have found in the plaintiffs' favor." *Id.* at 1273. To meet this burden, the plaintiffs would have to establish the Audi was, in fact, defective. The jury in the first case necessarily decided the Audi was not defective when it ruled in favor of the defendants. Thus, the plaintiffs' fraud claim would have required relitigation of an issue of fact necessarily determined in the earlier case. The plaintiffs in *Robinson*, like Plaintiff here, maintained they were not seeking relief from the underlying judgment but instead were seeking damages caused by the judgment.

This Court agrees with and adopts the Tenth Circuit's analysis in *Robinson*. To prevail on his fraud claim in this second action against Defendant, Plaintiff necessarily would have to prove Defendant illegally retaliated against him by refusing to hire him for any of the positions he sought after he was laid off. As noted, however, this Court decided this issue against Plaintiff in *Schmitz I*. Plaintiff, therefore, is barred from relitigating this issue as a fraud claim. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's fraud claim.

## V. Plaintiff Cannot State a Claim For Conspiracy.

In his Seventh and Eighth Claims, Plaintiff alleges Defendant, Hirsch, and Conley conspired to prevent Plaintiff from prevailing on his retaliation claims. Plaintiff's Seventh Claim is a common law claim for civil conspiracy. Plaintiff's Eighth Claim is brought under 42 U.S.C. § 1985(2).

### A. Common Law Conspiracy

■ Plaintiff alleges Defendant, Hirsch, and Conley conspired to commit perjury, false swearing, and witness tampering to prevent Plaintiff from prevailing on his retaliation claims. Under Oregon law, conspiracy is not a tort and does not give rise to a separate theory of recovery or an independent cause of action. *Granewich v. Harding*, 329 Or. 47, 55, 985 P.2d 788 (1999). Accordingly, Plaintiff cannot state a separate common law claim based on conspiracy.

■ Moreover, under Oregon law, a conspiracy requires two or more persons or entities. "A corporation cannot conspire with itself any more than a private individual can, and it is the general rule

that acts of the agent are the acts of the corporation . . . ." *Bliss v. Southern Pac. Co.*, 212 Or. 634, 643–44, 321 P.2d 324 (1958)(internal quotation and citation omitted). The *Bliss* court held "[i]n the absence of any allegation whatever to indicate that the agents of the corporation were acting in other than their normal capacities, plaintiff has failed to state a cause of action based on conspiracy." *Id.*

Plaintiff alleged Hirsch and Conley were acting in the course and scope of their employment for Defendant at all times relevant to Plaintiff's claims. Accordingly, the Court concludes Plaintiff cannot state a claim against Defendant for civil conspiracy under Oregon law.

B. Conspiracy under 42 U.S.C. § 1985(2).

Plaintiff alleges Defendant, Hirsch, and Conley conspired to deter Lorin Bradley from testifying truthfully and freely in violation of 42 U.S.C. § 1985(2). In support of this claim, Plaintiff alleges "Conley threatened Bradley's career when Bradley expressed discomfort about testifying," and "Conley told Bradley that if he did not want to be a 'team player' and testify to support Mars, his career with Mars would be over."

Section 1985(2) proscribes intimidation of witnesses in the federal courts. The statute allows a civil action for damages based on a conspiracy in the following circumstance, *inter alia:*

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of

any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror . . . .

 In *Sanchez v. City of Santa Ana*, the Ninth Circuit held:

To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. A mere allegation of conspiracy without factual specificity is insufficient to support a claim.

936 F.2d 1027, 1039 (9th Cir.1990) (citations omitted). To state a claim under § 1985, Plaintiff "must plead specific material facts that show the existence of a conspiracy." *Copeland v. Northwestern Mem'l Hosp.*, 964 F.Supp. 1225, 1236 (N.D.Ill.1997). In this matter, Plaintiff does not allege any facts indicating how or when Defendant or Hirsch conspired with Conley to threaten Bradley. Moreover, although Plaintiff alleges Hirsch testified falsely at trial, Plaintiff does not allege Bradley testified falsely because of Conley's alleged threat. The Court, therefore, finds Plaintiff has failed to plead any facts that indicate how Conley's alleged threat caused Plaintiff harm. Accordingly, the Court concludes Plaintiff has failed to plead sufficient facts to state a claim for conspiracy under § 1985.

 In addition, to sustain a claim under 42 U.S.C. § 1985(2), a plaintiff must prove the existence of a conspiracy among "two or more persons." The intracorporate conspiracy doctrine provides a corporation cannot conspire with its own employees or agents as a matter of law. *See Hoefer v. Fluor Daniel, Inc.*, 92 F.Supp.2d 1055, 1057 (C.D.Cal.2000). The Circuit Courts are divided over whether the intracorporate conspiracy doctrine applies to

claims brought under § 1985. *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir.1993)(summarizing cases). The Second, Fourth, Sixth, Seventh, and Eighth Circuits have extended the doctrine to § 1985 claims. *Hoefer*, 92 F.Supp.2d at 1057. The First and Third Circuits, however, have refused to apply the intracorporate conspiracy doctrine to § 1985 cases alleging conspiracies to discriminate on the basis of race or sex. *Id.* at 1058.

The Ninth Circuit, however, has not yet decided the issue. *Portman*, 995 F.2d at 910. This Court finds most persuasive the analysis of the *Hoefer* court and the majority of circuit courts that have held the intracorporate conspiracy doctrine applies to § 1985 actions. The Court finds, therefore, Plaintiff cannot state a claim for conspiracy under § 1985(2) based only on the conduct of Defendant's employees acting in the scope of their employment.

## VI. Plaintiff's Complaint Is Dismissed With Prejudice.

If a court dismisses a claim pursuant to Rule 12(b)(6), the court, nonetheless, should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co.*, 806 F.2d at 1401. In this case, the Court concludes Plaintiff cannot cure the deficiencies in his Complaint. Plaintiff's Fourth, Fifth, and Sixth Claims cannot be amended to avoid the application of res judicata as discussed herein. Plaintiff's Seventh and Eighth Claims cannot be amended to cure their deficiencies because the intracorporate conspiracy doctrine precludes a finding of conspiracy between a corporation and its employees.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim (# 15) and **GRANTS** Defendant's Motion to Strike (# 26), and dismisses this action with prejudice.

IT IS SO ORDERED.